IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED
MAR 18 2008
William B. Guthrie
Clerk, U.S. District Court
By_____
Deputy Clerk

RICHARD LEE LEWIS, )
)
Plaintiff, )
)
v. ) No. CIV 06-200-RAW-SPS
)
DAVID ORMAN, et al., )
)
Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion for summary judgment. The court has before it for consideration plaintiff's amended complaint [Docket #36], the defendants' motion [Docket #38], plaintiff's response [Docket #40], and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court [Docket #22], in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983 seeking monetary damages for alleged constitutional violations during his incarceration at that facility. The defendants are David Orman, OSP Mail Room Supervisor; Erik Thomas, OSP Case Manager; and Kristy Wingo, OSP Trust Fund Supervisor.[1]

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official

The defendants have moved the court for summary judgment, based on plaintiff's failure to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). Having moved for summary judgment in their favor, the defendants are required to show the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c). Plaintiff, as the nonmoving party, must go beyond the pleadings and by way of affidavits or "depositions, answers to interrogatories, and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

**Exhaustion of Administrative Remedies**

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). According to DOC Policy OP-090124, "Inmate/Offender Grievance Process," an inmate first must attempt to resolve his complaint informally. If that is unsuccessful, he may submit a Request to Staff (RTS). If the complaint still is not resolved, he then may file a grievance. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority or the Chief Medical Officer. The administrative process is exhausted only after all of these steps have been taken.

**Defendant David Orman**

Plaintiff alleges in Counts 1 and 2 of his amended complaint that since December 28, 2005, Defendant David Orman has interfered with his outgoing indigent legal mail. Plaintiff

---

capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

asserts Orman prevented him from mailing a petition for a writ of habeas corpus and from communicating with opposing counsel and with the courts, all in retaliation for plaintiff's litigation against prison personnel. The record shows that on January 10, 11, and 12, 2006, plaintiff submitted Requests to Staff regarding Defendant Orman's handling of his outgoing indigent mail. The Requests to Staff were answered, but plaintiff did not submit grievances on the issues, so he failed to exhaust his administrative remedies for these claims.

On or about January 23, 2006, plaintiff submitted another RTS regarding Defendant Orman's handling of his legal mail and court filing fees. The response stated that plaintiff had not properly filled out the necessary forms to withdraw funds for the filing fees. On February 2, 2006, plaintiff submitted a grievance complaining that Defendants Orman and Wingo were interfering with his sending legal mail to the court. The grievance was denied, and plaintiff attempted to appeal. The attempted appeal was returned unanswered, because it was not properly submitted. Plaintiff's administrative remedies, therefore, were not exhausted on this issue.

On or about January 24, 2006, plaintiff submitted a RTS regarding Defendant Orman's handling of his legal mail and asking that Orman be fired and prosecuted by federal authorities. The RTS was answered on January 25, 2006, and plaintiff submitted a grievance against both Orman and Defendant Wingo on January 31, 2006. The grievance form he used was obsolete, so it was not processed. On February 7, 2006, plaintiff resubmitted a grievance concerning Defendant Orman and then tried to appeal the grievance before receiving a response. The grievance, therefore, was returned unanswered. It also was determined that the grievance had been improperly submitted, because plaintiff was on grievance restriction

3

and had failed to comply with the requirements for submitting grievances on restriction. This grievance never was properly resubmitted, so plaintiff again failed to exhaust his administrative remedies for his claims.

**Defendant Erik Thomas**

Plaintiff claims in Count 3 of his amended complaint that on January 23, 2006, and February 15, 2006, Defendant Erik Thomas harassed and retaliated against him and issued fabricated misconduct reports against him. Thomas allegedly refused to deliver plaintiff's legal mail from the courts, because of plaintiff's continual filing of legitimate grievances.

On or about January 30, 2006, plaintiff submitted a RTS alleging Defendant Thomas had refused to pick up or deliver his legal mail. The answer to the RTS stated that Thomas would not pick up or deliver plaintiff's mail when plaintiff was abusive with his foul language. On February 1, 2006, plaintiff submitted a grievance on this issue, but it was returned unanswered, because is was not properly submitted. Plaintiff was on grievance restriction, and he had attempted to file the grievance directly with the DOC Director, instead of the facility head. Plaintiff failed to exhaust his administrative remedies on his claims against Defendant Thomas.

**Defendant Kristy Wingo**

Plaintiff complains in Count 4 that on February 21, 2006, March 2, 2006, and April 18, 2006, Defendant Kristy Wingo refused to process his *in forma pauperis* documents. He claims that, as a result of Ms. Wingo's failure to complete his paperwork, four cases were dismissed in the Tenth Circuit Court of Appeals, the Oklahoma Court of Criminal Appeals, and the United States District Courts for the Eastern and Western Districts of Oklahoma.

On February 8 and 13, 2006, and on September 15, 2006, plaintiff submitted RTSs concerning Defendant Wingo and the processing of his *in forma pauperis* affidavits. The response stated that plaintiff needed to submit a signed disbursement. According to an affidavit plaintiff executed on October 30, 2006, as an attachment to an unrelated grievance, he never submitted grievances on these RTSs. Therefore, plaintiff has failed to exhaust his administrative remedies on his claims against Defendant Wingo.

Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). After careful review, the court finds plaintiff has failed to exhaust the administrative remedies for any of his claims against the defendants.

**ACCORDINGLY,** the defendants' motion for summary judgment [Docket #38] is GRANTED, and this action is, in all respects, DISMISSED for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED** this 18th day of March 2008.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE